BRUCE NYE, SBN 77608
ADAMS | NYE | SINUNU | BRUNI | BECHT LLP
222 Kearny Street, Seventh Floor
San Francisco, California 94108-4521
Telephone: (415) 982-8955
Facsimile: (415) 982-2042

Attorneys for Defendant
WHIRLPOOL CORPORATION

ORIGINAL FILED

JUL 2 7 2007

RICHARD W. W[...]
CLERK, U.S. DISTRICT [...]
NORTHERN DISTRICT OF CAL[...]

CW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT, CALIFORNIA

THE STANDARD INSURANCE COMPANY,

    Plaintiff,

vs.

WHIRLPOOL CORPORATION and DOES 1 to 50 inclusive,

    Defendant.

C 07 3872

No.:

COPY OF ALL PROCESS, PLEADINGS AND ORDERS SERVED UPON DEFENDANT

(Alameda Superior Court No. RG07325813)

TO THE ABOVE-ENTITLED COURT

    Pursuant to 28 U.S.C. § 1446(a), Defendant Whirlp[ool Cor]poration herewith files a copy of all process, pleadings and orders served upon Defendant.

DATED: July 27, 2007

ADAMS | NYE | SINUNU | BRUNI | BECHT LLP

By: _____
BRUCE NYE
Attorneys for Defendant
WHIRLPOOL CORPORATION

1

## PROOF OF SERVICE

I am over the age of eighteen years, not a party to the above-captioned matter, and employed by Adams | Nye | Sinunu | Bruni | Becht LLP at 222 Kearny Street, Seventh Floor, San Francisco, California, where the service described below took place on the date set forth below.

**Person(s) Served:**

Shawn C. Moore, Esq.
ELIE & ASSOCIATES
11070 White Rock Road, Ste. 200
Rancho Cordova, CA 95670
Tel: (916) 638-6610
Fax: (916) 638-6607

**Document(s) Served:**

COPY OF ALL PROCESS, PLEADINGS AND ORDERS SERVED UPON DEFENDANT

**Manner of Service:**

X  **Mail:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service: such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business in the county where I work. On the date set forth below, at my place of business, following ordinary business practices, I placed for collection and mailing by deposit in the United States Postal Service a copy of each Document Served, enclosed in a sealed envelope, with the postage thereon fully prepaid, each envelope being addressed to one of the Person(s) Served, in accordance with Code of Civil Procedure 1013(a).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 27, 2007

_____
Signature
MARIA T. SAN JUAN

05/14/07 06:01PM ONELE851 CR-AS ELIE & ASSOCIATES      9166386607 Pg 4/13

May. 14. 2007 2:56PM   E' & Associates                 No. 4373   P. 2

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WHIRLPOOL CORPORATION and DOES 1 to 50, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY
MAY 1 4 2007
CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE STANDARD FIRE INSURANCE COMPANY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

**CASE NUMBER:** *(Número del Caso)* RG07325813

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda
1225 Fallon Street
Oakland, CA 94612-4280
Northern Division

Unlimited Civil Action

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shawn C. Moore, Esq., SBN 1[...]       (916) 638-6610   (916) 638-6607
ELIE & ASSOCIATES
11070 White Rock [...], Ste. [...]
Rancho Cordova, CA [9]5670

DATE: MAY 1 4 2007  PAT S. SWEETEN       Clerk, by ____Tasha Perry____, Deputy
*(Fecha)*                                *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Whirlpool Corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

10563772.01 - 5/14/2007 2:59:33 PM

05/14/07 06:01PM ONELE851 CR-AS ELIE & ASSOCIATES   9186386607 Pg 5/13

May. 14. 2007 2:56PM   E" & Associates   No. 4373   P. 3

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shawn C. Moore, Esq., SBN 156134<br>ELIE & ASSOCIATES<br>11070 White Rock Road, Ste. 200<br>Rancho Cordova, CA 95670 | |
| TELEPHONE NO: (916) 638-6610  FAX NO. (Optional): (916) 638-6607 | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): Plaintiff THE STANDARD FIRE INSURANCE COMPANY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612-4280
BRANCH NAME: Northern Division

PLAINTIFF: THE STANDARD FIRE INSURANCE COMPANY

DEFENDANT: WHIRLPOOL CORPORATION

[X] DOES 1 TO 50

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):

Type (check all that apply):
[ ] MOTOR VEHICLE   [X] OTHER (specify): Products Liability
[X] Property Damage   [ ] Wrongful Death
[ ] Personal Injury    [X] Other Damages (specify): Subrogation

ENDORSED
FILED
ALAMEDA COUNTY

MAY 14 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

CASE NUMBER: RG 07325813

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff (name or names): THE STANDARD FIRE INSURANCE COMPANY
   alleges causes of action against defendant (name or names): WHIRLPOOL CORPORATION

**BY FAX**

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [X] except plaintiff (name): THE STANDARD FIRE INSURANCE COMPANY
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [X] other (specify): An insurance carrier licensed to do and doing business in the State of California.
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
Legal Solutions Plus

18565772.tif - 5/14/2007 2:59:33 PM

PLD-PI-001

| SHORT TITLE: STANDARD FIRE v. WHIRLPOOL. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name): WHIRLPOOL CORPORATION
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-50 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-50 are persons whose capacities are unknown to plaintiff.
   ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: STANDARD FIRE v. WHIRLPOOL | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☒ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify)*:

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☐ hospital and medical expenses
    d. ☐ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☒ other damage *(specify)*: Subrogation losses pursuant to an insurance contract (policy number 947743726 633 1; effective 8/27/03-8/27/04) as between plaintiff and Leland T. Moore (herein "insured") who sustained property damage and incurred additional living expenses as a direct and proximate result of the actions or inactions of defendants.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, must check (1))*:
       (1) ☐ according to proof
       (2) ☒ in the amount of: $ 169,239.46
       (3) Prejudgment interest as allowed by law.

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
    All paragraphs.

Date: May 14 2007

Shawn C. Moore, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE: STANDARD FIRE v. WHIRLPOOL | CASE NUMBER: |
|---|---|

First _____ CAUSE OF ACTION—General Negligence       Page 4 _____
(number)

ATTACHMENT TO [X] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: THE STANDARD FIRE INSURANCE COMPANY

alleges that defendant *(name)*: WHIRLPOOL CORPORATION

[X] Does 1 _____ to 50 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: or about May 16, 2004
at *(place)*: or near 2141 104th Avenue, Oakland, County of Alameda, California (herein "THE PROPERTY")
*(description of reasons for liability):*

Plaintiff incorporates by reference as though fully set forth herein all allegations of paragraphs 1 through 15 of its Complaint.

Prior to May 16, 2004, and at all times herein relevant, defendants, and each of them, were engaged in various aspects of design, manufacture, production, assembly, distribution, marketing, inspection and sale of gas clothing dryers, including a Sears Kenmore gas dryer with 110-volt plug purchased by plaintiff's insured from Sears, Southland Mall, Hayward, California (herein "THE PRODUCT").

Plaintiff is informed and believes and thereon alleges that THE PRODUCT was defective and malfunctioned while being used on or about May 16, 2004 within THE PROPERTY as intended by defendants, causing a fire at THE PROPERTY and resulting in damages described herein. Plaintiff alleges that the acts of defendants, and each of them, in the design, manufacture, production, assembly, distribution, marketing and sale of THE PRODUCT caused the damages herein described.

Plaintiff is informed and believes and ther... ges that defendants, and each of them, were further negligent in that they failed to warn consu... THE PRODUCT of a dangerous condition that existed within... THE PRODUCT when used as intended by defender ecifically, defendants provided inadequate instructions... with THE PRODUCT advising consumers to clear ... t of lint every seven years. Defendants knew or sho... have known that the accumulation of lint in a ... d dryer created a dangerous condition and risk of fire. Failure to prominently and effectively warn consumers that more frequent clearing of lint from the dryer was negligent and careless of defendants, and each of them, and proximately caused the damages herein described.

As a direct and proximate result of the negligence and carelessness of defendants herein, and the fire that damaged THE PROPERTY, plaintiff paid to and/or on behalf of their insured $169,239.46. Plaintiff is subrogated to the rights of its insured and now seeks to recover from defendants those benefits paid pursuant to the rights, duties and obligations arising from the aforementioned insurance policy.

Page 1 of 1
Code of Civil Procedure 425.12

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Legal Solutions Plus

PLD-PI-001(5)

| SHORT TITLE: STANDARD FIRE v. WHIRLPOOL | CASE NUMBER: |
|---|---|

<u>Second</u>          **CAUSE OF ACTION—Products Liability**      Page <u>5</u>
   (number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*: THE STANDARD FIRE INSURANCE COMPANY

Prod. L-1. On or about *(date)*: May 16, 2004     plaintiff was injured by the following product:
      Sears Kenmore gas dryer with 110-volt plug purchased by plaintiff's
      insured from Sears, Southland Mall, Hayward, California.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury
was being
    [X] used in the manner intended by the defendants.
    [X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
    readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. ~~Plaintiff was~~ Plaintiff's insured was:
    [X] purchaser of the product.        [X] user of the product.
    [ ] bystander to the use of the product.    [ ] other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [X] Count One—Strict liability of the following defendants who
     a. [X] manufactured or assembled the product *(names)*: WHIRLPOOL CORPORATION

         [X] Does <u>1</u> to <u>20</u>
     b. [X] designed and manufactured component parts supplied to the manufacturer *(names)*:
      WHIRLPOOL CORPORATION

         [X] Does <u>21</u> to <u>35</u>
     c. [X] the product to the public *(names)*: WHIRLPOOL CORPORATION

         [ ] Does <u>36</u> to <u>50</u>
Prod. L-5. [X] Count    negligence of the following defendants who owed a duty to plaintiff *(names)*:
     WHIRLPOOL CORPORATION

         [X] Does <u>1</u> to <u>50</u>
Prod. L-6. [ ] Count Three—Breach of warranty by the following defendants *(names)*:

         [ ] Does ____ to ____
     a. [ ] who breached an implied warranty
     b. [ ] who breached an express warranty which was
        [ ] written [ ] oral
Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        [ ] listed in Attachment-Prod. L-7 [ ] as follows:

Page 1 of 1

Elie& Associates
Attn: Moore, Shawn C.
11070 White Rock Road
Suite 200
Rancho Cordova, CA   95670

## Superior Court of California, County of Alameda

| The Standard Fire Insurance Company | No. RG07325813 |
| Plaintiff/Petitioner(s) VS. | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER |
| Whirlpool Corporation | Unlimited Jurisdiction |
| Defendant/Respondent(s) (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 09/27/2007 Time: 09:00 AM | Department: 114 Location: Wiley W. Manuel Courthouse Sixth Floor 661 Washington Street, Oakland CA 94607 Internet: http://www.alameda.courts.ca.gov | Judge: Winifred Y. Smith Clerk: Yvonne Bazzell Clerk telephone: (510) 268-7658 E-mail: Dept.114@alameda.courts.ca.gov Fax: (510) 267-1518 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include·
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting ... an ...pendent vendor, at least 3 business days prior to the scheduled conference. Parties may make arr... is by ...ing 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to chan... the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/16/2007.

By _____
Deputy Clerk

**Superior Court of California, County of Alameda**



**Notice of Judicial Assignment for All Purposes
Effective July 1, 2007**

Case Number: RG07325813
Case Title: The Standard Fire Insurance Company VS Whirlpool Corporation
Date of Filing: 05/14/2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On July 1, 2007 this case will be assigned for all purposes to:

| | |
|---|---|
| Judge: | Winifred Y. Smith |
| Department: | 114 |
| Address: | Wiley W. Manuel Courthouse
661 Washington Street
Oakland CA 94607 |
| Phone Number: | (510) 268-7658 |
| Fax Number: | (510) 267-1518 |
| Email Address: | Dept.114@alameda.courts.ca.gov |

Under direct calendaring, this case will be assigned to a single judge for all purposes including trial.

**Please note:** In this case, any challenge pursuant to C⁓    ⁓ivil Procedure §170.6 must be exercised within the time period provided by !⁓  e Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior ⁓    001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.) Because this noti⁓    ⁓ffective July 1, 2007, the parties are advised that the earliest possible deadline ⁓⁓r a challenge pursuant to Code of Civil Procedure §170.6 is July 16, 2007.

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents filed after July 1, 2007, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Winifred Y. Smith
DEPARTMENT 114

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Counsel are expected to be familiar and comply with the Statement of Professionalism of the ACBA , www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (3) Chambers copies of filings will not be accepted unless specifically requested by the Court. (4) Unrepresented litigants must also comply with the pertinent rules, cited above. (5) All references to "counsel" in this Order apply equally to self-represented litigants. The Court Maintains a Self-Help Center at the Wiley E. Manual Courthouse, 2nd Floor, 600 Washington St., Oakland. Telephone (510) 268-7221.

**Schedule for Department 114**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. The Court prefers that contacts with Department 114 be by e-mail with copies to all other counsel. Counsel must confer with opposing counsel before scheduling a hearing date.

- Trials generally are held: Mondays, Tuesdays, Thursday between 9:30 a.m. and 4:30 p.m. and Wednesdays between 10:00 a.m. and 4:30 p.m. A pre-trial conference may be scheduled two weeks before trial. Pretrial conferences will be at 2:00 p.m. on Fridays.

- Case Management Conference held: Tuesdays, Thursdays and Fridays at 9:00 a.m. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing. Tentative Rulings will be available on the Court's website days before the CMC.

- Law and Motion matters are heard Wednesdays at 9:00 a.m. and Fridays at 9:30 a.m. Only 1 Demurrer and 1 Motion for Summary Judgment/Adjudication will be set on each calendar.

- Settlement Conferences are heard: Fridays at 10:00 a.m.

- Ex Parte matters are heard: Wednesdays and Fridays at 9:00 a.m. A maximum of 3 matters will be scheduled on each calendar. Urgent matters may be specially set by contacting the department.

- (1) Counsel should anticipate and attempt to resolve discovery and other disputes. (2) No discovery motion shall be filed without prior serious efforts to resolve the dispute. (3) A Mandatory Settlement Conferences will be scheduled approximately 30 days before trial. All parties with authority to settle must be personally present. The Court requests that the parties state an objection to the Direct Calendar judge conducting the settlement conference at the time the conference is scheduled.

Page 2 of 4

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
  Email:     Dept.114@alameda.courts.ca.gov
  Phone:    (510) 208-2951

   The Court prefers that reservations for the Law and Motion calendar be made by e-mail.

- Ex Parte Matters for hearing dates after July 1, 2007
  Email:     Dept.114@alameda.courts.ca.gov
  Phone:    (510) 208-2951

   The Court prefers that reservations for the ex parte calendar be made by e-mail.

**Tentative Rulings**

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 114
- Tentative Ruling Line after July 1, 2007: 1-866-223-2244


Dated: 05/…                                    Executive Officer / Clerk of the Superior Court

                                        By _____
                                                 Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/16/2007

By _____
Deputy Clerk

09/14/07  06:01PM  ONELE851 CR-AS ELIE & ASSOCIATES    9166386607  Pg 7/13

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
### Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

   (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

   (2) Information about the ADR programs available in that court . . .

   (3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

   (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

(c) **The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainant must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

rev 4/05

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives [...] on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the ca[se...] party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at l[east] parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, th[e...] y go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

### Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

### Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediati... call 800-952-5210.

- **Attorney...** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

05/14/07 06:01PM ONELE851 CR-AS ELIE & ASSOCIATES        9166386607 Pg12/13

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

**Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).**
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case (CRC 1605a(4))**
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings (CRC 1611)**
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator (CRC 1615b & c)**
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further hearings. (CRC 1616 & Local Rule 6.4)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (CRC 1615c & Local Rule 6.6)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (Local Rule 6.6)

Rev 4/05

05/14/07 06:01PM ONELE851 CR-AS ELIE & ASSOCIATES    9166386607 Pg13/13

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| ☐ Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| ☐ Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | ☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | ☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| ☐ Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

_____ Plaintiff           Case No.: _____
        vs.

                                           STIPULATION FOR ALTERNATIVE
                                           DISPUTE RESOLUTION (ADR)
_____ Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within controversy to the following Alternative Dispute Resolution process:

_____
_____
_____
_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:
Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

                                    _____
                                    JUDGE OF ____ RIOR COURT

(SEAL)

Rev 6/05