1  Shawn C. Moore, Esq., SBN 156134
   ELIE & ASSOCIATES
2  11070 White Rock Road, Ste. 200
   Rancho Cordova, CA 95670
3  Telephone:    (916) 638-6610
   Facsimile:    (916) 638-6607
4

5  Attorneys for Plaintiff
   THE STANDARD FIRE INSURANCE COMPANY
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  THE STANDARD FIRE INSURANCE        ) CASE NO:    4:07-CV-03872-CW
    COMPANY,                           )
12                                     )
                                       ) JOINT CASE MANAGEMENT STATEMENT
13            Plaintiff,               )
    vs.                                )
14                                     )
    WHIRLPOOL CORPORATION, et al.,     )
15                                     )
                                       )
16            Defendants.              )
                                       )
17  _____    )

18

19      Plaintiff, THE STANDARD FIRE INSURANCE COMPANY ("STANDARD"), and

20  Defendant, WHIRLPOOL CORPORATION ("WHIRLPOOL"), hereby respectfully submit this Joint

21  Case Management Statement.

22              1.    **JURISDICTION AND SERVICE**

23      This matter was initially filed by STANDARD in the Alameda County Superior Court for the

24  State of California.  Defendant WHIRLPOOL, upon service, removed this matter to Federal Court.

25  Jurisdiction is based on diversity jurisdiction.  All parties are in this action.

26              II.    **FACTS**

27      This matter arises out of a fire that occurred on May 16, 2004, at a home owned by

28  STANDARD'S insured, Leland Moore, located at 2141 104th Avenue in Oakland, California.

1   STANDARD alleges the fire originated within a clothes dryer located in the laundry room of the

2   home.  STANDARD further alleges the fire spread throughout the home causing damage to the

3   structure and its contents.

4        The dryer was manufactured for Sears by WHIRLPOOL.  The Moores claim to have purchased

5   the dryer seven years prior to the fire.

6        STANDARD'S complaint is based on causes of action for negligence and product liability,

7   including failure to warn.

8        Defendant WHIRPOOL denies the fire started in the dryer.  It claims the evidence shows the

9   fire started external to the dryer and that the dryer was not defective in its design or manufacture.

### III.    LEGAL ISSUES

11        At this juncture of the case, there are factual issues in dispute.  Further, WHIRLPOOL will

12   allege spoliation of the fire scene and related artifacts including, but not limited to, the dryer and the

13   gas line which serviced the dryer.

### IV.    MOTIONS

15        There have been no prior motions filed and no motions are currently pending.  Motions related

16   to WHIRLPOOL'S spoliation claims, summary judgment and Daubert may arise as discovery

17   proceeds in this matter.

### V.    AMENDMENT OF PLEADINGS

19        The parties do not anticipate amending the pleadings at this time, but reserve the right to do so

20   should ongoing proceedings in this matter so merit.

### VI.    EVIDENCE PRESERVATION

22        All parties have had an opportunity to inspect the dryer that is the subject of this action.  In

23   addition, STANDARD is storing the dryer.  There are issues regarding spoliation of the fire scene and

24   various artifacts contained within the scene which may be addressed by WHIRLPOOL during the

25   pendency of this matter.

### VII.    DISCLOSURES

27        The parties are moving towards providing disclosures in accordance with Federal Rule of Civil

28   Procedure 26.

## VIII.   DISCOVERY

There has been no discovery completed at this time.  The parties anticipate discovery will include written discovery, depositions of STANDARD'S insured, fire department personnel, other fact witnesses and experts representing each side to this matter.

## IX.   CLASS ACTION

This is not a class action case.

## X.   RELATED CASES

There are no related cases.

## XI.   RELIEF

STANDARD seeks $169,239.46 in damages.  This amount is based upon payment for cost of repairs, damage to contents, and clean up costs.

## XII.   SETTLEMENT AND ADR

The parties have agreed to mediate this matter and have agreed on a mediator to facilitate their settlement efforts.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to using a magistrate judge for all purposes in this litigation.

## XIV.   OTHER REFERENCES

This case is not suitable for reference to binding arbitration or a special master.

## XV.   NARROWING OF ISSUES

At this time, there are no substantive areas where the parties agree allowing issues in question to be narrowed.

## XVI.   EXPEDITED SCHEDULE

The parties believe this case is not suitable for expedited scheduling with streamlined procedures.

## XVII.   SCHEDULING

The parties anticipate being ready for trial by August 2008.

## XVIII.  TRIAL

Both parties wish to try this case before a jury.  Estimated time of trial is 4-5 days.

## XIX.   DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

**The Standard Fire Insurance Company**

The Standard Fire insurance Company is 100% owned by Travelers Casualty and Surety Company, which is 100% owned by Travelers Insurance Group Holdings Inc., which is 100% owned by Travelers Property Casualty Corp., which is 100% owned by The Travelers Companies, Inc.  The Travelers Companies, Inc. is the only publicly held company in the corporate family.

**Whirlpool Corporation**

Whirlpool has no parent corporations and there are no publicly held companies that own 10% or more of its stock.

Dated:  October 30, 2007              \_/S/  SHAWN C. MOORE_____
                                                        Shawn C. Moore, Esq.
                                                        Attorney for The Standard Fire Insurance Company


Dated   October 30, 2007              \_/S/ BRUCE NYE_____
                                                        Bruce Nye, Esq.
                                                        Attorney for Whirlpool Corporation


I hereby attest that I have on file a holograph signature for the above signature indicated by a "conformed" signature (/S/) within this efiled document.

Dated:  October 30, 2007              \_/S/ SHAWN C. MOORE_____
                                                        SHAWN C. MOORE
                                                        Attorney for The Standard Insurance Co.